# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,                          CRIMINAL NO. 19-3725 JB

vs.

JODY RUFINO MARTINEZ,

        Defendant.

## ORDER TO CONTINUE TRIAL

This matter is before the Court on the United States' Second Motion to Continue. There being good cause shown by the United States, the Court finds the motion is well-taken and should be granted.

IT IS HEREBY ORDERED that the jury trial in this matter currently scheduled for January 15, 2020 is continued and will be rescheduled no less than ninety days from the current setting. In addition, the Court vacates the hearing presently set for Monday, January 13, 2020.

Additional time will be necessary to prepare pretrial motions, motions *in limine* and prepare for trial.

The second superseding indictment makes the defendant death penalty eligible. The parties need additional time to submit the materials necessary for the United States Attorney General to make a decision whether the United States will seek a sentence of death or not. Furthermore, learned counsel has yet to be appointed in this case, and there is a need to include learned counsel in this process.

Because of the complexity of the facts, the nature of this prosecution as a RICO case with death penalty implications, and the sheer volume of discovery, the Court finds



"that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the limits established by [18 U.S.C. § 3161(c)(1).]" 18 U.S.C. § 3161(h)(7)(B)(ii) (establishing 70-day deadline by which to commence trial).

The court finds that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia,* 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interest of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs,* 574 F.3d 1262, 1271 (10th Cir. 2009)). Additional time will allow the Defendant to further conduct an investigation into the charges in this case, to prepare and file pretrial motions, and to adequately prepare for trial. This motion is not predicated upon the congestion of the Court's docket. *See United States v. Hernandez-Mejia,* 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interest of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs,* 574 F.3d 1262, 1271 (10th Cir. 2009)).

_____
UNITED STATES DISTRICT JUDGE

Prepared and submitted by:
Randy M. Castellano
Assistant United States Attorney

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed January 10, 2020 (Doc. 59). Specifically, continuing disclosure of discovery, the possibility of the case being designated as complex, and the need for adequate time to prepare for a death penalty eligible trial outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The pretrial motion deadline is _April 7, 2020_ . The Court will set the trial for _April 14, 2020 at 9:00 a.m._ (trailing docket). This **90-** day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

_[signature] 1/12/20_