IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                         )<br>           Plaintiff,                        )<br>                                                         )<br>vs.                                                   )<br>                                                         )<br>**JODY RUFINO MARTINEZ,**      )<br>                                                         )<br>           Defendant.                    ) | CRIMINAL NO. 19-3725 JB |

**JOINT MOTION TO DECLARE CASE COMPLEX**

The United States moves this Court to declare this matter a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

Defendant joins this motion.

As grounds for this motion the parties state:

On January 9, 2020, a grand jury returned a four count second superseding indictment charging defendant with violent crimes in aid of racketeering, racketeering conspiracy, witness tampering and felon in possession of a firearm and ammunition. *See* Second Superseding Indictment, filed January 9, 2020 (Doc. 57). One of the counts charges the defendant with a crime which may carry a penalty of death.

The government has received thousands of pages of discovery and is continuing to receive more from various investigative agencies, which have yet to be disclosed in this case.  The United States anticipates disclosing the discovery from all related Syndicato de Nuevo Mexico cases. The discovery in those cases to date consists of approximately 105,401 pages, seventy-four DVDs, three flash drives and one TB external hard drive.

Because one charge in the Second Superseding Indictment carries the possibility of a sentence of death, an internal review of the case must be made and, after possible submission by counsel for the Defendant, the United States must make the election, through the Attorney General, of whether to seek the death penalty.

In order to provide counsel with a reasonable amount of time for effective preparation, to include reviewing all the discovery with the defendant, the parties seek to vacate the Court's standard scheduling order and to declare this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  Due to the nature of the prosecution, its complexity, and the fact that one of the charges carries the possibility of a sentence of death, this case is so complex that it is unreasonable to expect the defendant to adequately prepare for trial within the 70-day time limit established by 18 U.S.C. § 3161(c)(1).

A failure to grant this motion and require the defendant to proceed to trial within the 70-day time limit likely would result in a miscarriage of justice by denying the defendant adequate opportunity to review the evidence, conduct his own investigation, and resolve any legal issues which may directly impact the outcome of this case.

As the United States expects to continue obtaining documents and evidence as this case progresses toward trial, discovery will likely be an ongoing process. Defense counsel, understandably, will need a period of time beyond the usual 70 days prescribed in the Speedy Trial Act to digest the discovery, conduct their own investigation, advise their client, conduct plea negotiations, file and litigate pretrial motions, and prepare for trial.

Because of the nature of this prosecution and the discovery, the parties submit "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [18 U.S.C. § 3161(c)(1).]" 18 U.S.C. § 3161(h)(7)(B)(ii)

(establishing 70-day deadline by which to commence trial). Furthermore, Pursuant to 18 U.S.C. § 3161(h)(7)(A), the joined parties believe that the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial.

**WHEREFORE**, based on the foregoing reasons the United States and defendant, through his counsel, respectfully request that the Court enter an order: (1) designating the above-captioned case as a complex case; (2) vacating any existing discovery orders and the trial and pretrial deadlines presently set in this case; (3) directing the parties to submit a proposed discovery and case management scheduling order; (4) tolling the time limits of the Speedy Trial Act, as it pertains to the defendant, pursuant to 18 U.S.C. §3161(h)(7)(B)(ii); and (5) permitting interim billing by CJA appointed defense counsel.

Respectfully Submitted,

FRED FEDERICI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. §515

*<u>Electronically filed on 2/5/2020</u>*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney