**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

  Plaintiff,

vs.                               No. CR 19-3725 JB

JODY RUFINO MARTINEZ,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on (i) the United States' Proposed Jury Instructions, filed February 16, 2021 (Doc. 138); (ii) the Defendant's Proposed Jury Instructions, filed February 17, 2021 (Doc. 150); (iii) the United States' Objections to Defendant's Proposed Jury Instructions, filed February 22, 2021 (Doc. 158)("US Objections"); and (iv) the Defendant's Objections to the Government's Proposed Jury Instructions, filed February 23, 2021 (Doc. 164)("Defendant's Objections"). The Court held a hearing on February 26 and 27, 2021. See Minute Order, filed February 24, 2021 (Doc. 178)(text only entry)(notifying parties of the hearing). The parties dispute the number of elements for a jury instruction for Count 2: 18 U.S.C. § 1962(d): Racketeering Conspiracy of the Second Superseding Indictment, filed January 9, 2020 (Doc. 56). The primary issues therefore are whether the jury instruction (i) should include the existence of an enterprise; (ii) should include interdependence; (iii) should limit the timeframe to the 1980s or should include the 1980s to the present. The Court concludes that the jury instruction for Count 2 of the Second Superseding Indictment (i) should not include the existence of an enterprise, because 18 U.S.C. § 1962(d) does not require the United States to establish that an enterprise existed, see United States v. Harris, 695 F.3d 1125, 1132 (10th Cir. 2012); (ii) should include interdependence,

because that is an element of a conspiracy, see United States v. Edwards, 69 F.3d 419, 432 (10th Cir. 1995); CGC Holding Co., LLC v. Hutchens, 974 F.3d 1201, 1211 (10th Cir. 2020); and (iii) should include "beginning on or about 1980 and continuing through the present."

**I.   A RICO CONSPIRACY DOES NOT REQUIRE THE UNITED STATES TO ESTABLISH THAT AN ENTERPRISE EXISTED.**

Count 2 of the Second Superseding Indictment charges Defendant Jody Rufino Martinez with a conspiracy under 18 U.S.C. § 1962(d) to commit a substantive Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68 ("RICO") violation under 18 U.S.C. § 1962(c). See Second Superseding Indictment at 1, 8. The parties dispute whether the jury instructions for a RICO conspiracy should have three elements or six elements. Compare United States' Proposed Jury Instructions at 49-51 (proposing three elements and citing Third Circuit Pattern Jury Instructions Criminal 6.18.1962D RICO Conspiracy -- Elements of the Offense (18 U.S.C. § 1962(d), at 36-40), with Defendant's Proposed Jury Instructions at 75-76 (proposing six elements and citing Eighth Circuit Model Jury Instructions Criminal 6.18.1962B (RICO -- CONSPIRACY (18 U.S.C. § 1962(d)), at 603-604) and Tenth Circuit Criminal Pattern Jury Instructions 2.19(5) (Conspiracy Under 18 U.S.C. § 371), at 97). The Tenth Circuit Criminal Pattern Jury Instructions includes instructions for substantive RICO violations under 18 U.S.C. §§ 1962(a)-(c), but not for a RICO conspiracy, the section at issue, 18 U.S.C. § 1962(d). See Tenth Circuit Criminal Pattern Jury Instructions §§ 2.74-2.76.7, at 228-259. The Court concludes (i) a conspiracy under § 1962(d) requires that a defendant adopt the goal of furthering or facilitating the criminal endeavor so long as that endeavor would, "if completed, . . . satisfy all the elements of a substantive criminal offense," Salinas, 522 U.S. at 65; (ii) § 1962(d) does not require the United States to establish that an enterprise existed; and (iii) interdependence as a required element of proving a conspiracy.

The United States proposed jury instruction for Count 2 has three elements based on the Third Circuit's Pattern Jury Instructions Criminal 6.18.1962D:

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 33**

Count 2 of the Second Superseding Indictment charges that the defendant agreed or conspired with one or more other person(s) to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, as I (have explained) (will shortly explain) to you.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

First: That two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

Second: That the defendant was a party to or member of that agreement; and

Third: That the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.

In order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the alleged enterprise actually existed, or that the enterprise actually engaged in or its activities actually affected interstate or foreign commerce.

Rather, because an agreement to commit a RICO offense is the essence of a RICO conspiracy, the government need only prove that the defendant joined the conspiracy and that if the object of the conspiracy was achieved, the enterprise would be established and the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

In order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the defendant was actually

employed by or associated with the enterprise, or that the defendant agreed to be employed by or to be associated with the enterprise. Nor does the RICO conspiracy charge require the government to prove that the defendant personally participated in the operation or management of the enterprise, or agreed to personally participate in the operation or management of the enterprise. Rather, you may find the defendant guilty of the RICO conspiracy offense if the evidence establishes that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would constitute a RICO violation involving at least one other conspirator who would be employed by or associated with the enterprise and who would participate in the operation or management of the enterprise.

Finally, in order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the defendant personally committed or agreed to personally commit any act of racketeering activity. Indeed, it is not necessary for you to find that the objective or purpose of the conspiracy was achieved at all. However, the evidence must establish that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would include a pattern of racketeering activity committed by at least one other conspirator.

In short, to find the defendant guilty of the RICO conspiracy charged in Count 2 of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective.

[If applicable: The indictment need not specify the predicate racketeering acts that the defendant agreed would be committed by some member of the conspiracy in the conduct of the affairs of the enterprise. Rather, you may also consider the evidence presented of other racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

Moreover, in order to convict the defendant of the RICO conspiracy offense, your verdict must be unanimous as to which type or types of racketeering activity the defendant agreed would be committed; for example, at least two acts of extortion, or robbery, or drug trafficking, or one of each, or any combination thereof. (Note use examples that apply)].

United States' Proposed Jury Instructions at 49-51 (citing Third Circuit Pattern Jury Instructions Criminal 6.18.1962D, at 36-40). In contrast, Martinez' proposed jury instruction for Count 2 includes six elements and relies on the Eighth Circuit Model Jury Instructions Criminal

- 4 -

6.18.1962B for 18 U.S.C. § 1962(d), and the Tenth Circuit Criminal Pattern Jury Instructions 2.19(5) for Conspiracy under 18 U.S.C. § 371:

DEFENSE INSTRUCTION NO. 28

*(No Redline)*

Count 2 of the Second Superseding Indictment charges that Mr. Martinez agreed or conspired with one or more other person(s) to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, as I will shortly explain to you.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, you must find that the government proved beyond a reasonable doubt each of the following six (6) elements:

*First:* an enterprise -- namely, SNM -- existed as alleged in the Indictment;

*Second:* the enterprise [was engaged in][had some effect on] interstate commerce;

*Third:* Mr. Martinez was associated with SNM;

*Fourth:* that beginning on or about 1980 two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of an enterprise, directly or indirectly, through a pattern of racketeering activity;

*Fifth:* that Mr. Martinez voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise; and

*Sixth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

In short, to find the defendant guilty of the RICO conspiracy charged in Count 2 of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise

through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective.

Defendant's Proposed Jury Instructions at 75-76 (citing Eighth Circuit Model Jury Instructions Criminal 6.18.1962B (RICO -- CONSPIRACY (18 U.S.C. § 1962(d)), at 603-604); Tenth Circuit Criminal Pattern Jury Instructions 2.19(5) (Conspiracy Under 18 U.S.C. § 371), at 97).

Under § 1962(d), RICO conspiracy, "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). The Supreme Court of the United States of America explains: "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." Salinas v. United States, 522 U.S. 52, 65 (1997)("Salinas"). Under § 1962(c), a substantive RICO violation,

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), the Supreme Court held that "[a] violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 473 U.S. at 496 (footnote omitted). Although Martinez argues that the United States' proposed instructions are "spartan," and that "[i]t is not clear where . . . [the] rule that no enterprise need actually exist . . . come[s] from," Defendant's Proposed Jury Instructions at 76 n. 25, the Tenth Circuit has explained:

> "§ 1962(d) does not require the Government to establish that an enterprise existed." United States v. Harris, 695 F.3d 1125, 1132 (10th Cir. 2012). But the jury still needed to be told what Defendants allegedly conspired to do. It had to find that Defendants "intend[ed] to further an endeavor which, *if completed*, would satisfy all of the elements of a substantive criminal offense," Salinas v. United States, 522 U.S. 52, 65 (1997) (emphasis added). In particular, the government had to prove

that Defendants conspired to commit an offense with an interstate-commerce component, and the jury had to be instructed on the meaning of that component.

United States v. Garcia, 793 F.3d 1194, 1209-10 (10th Cir. 2015)(italics in the original).  The Tenth Circuit, in United States v. Harris, 695 F.3d 1125, 1132-33 (10th Cir. 2012), summarized the distinction between Sections 1962(c) and (d), as articulated by the Supreme Court in Salinas:

> In Salinas, . . . the defendant was charged both with committing a substantive RICO violation under § 1962(c) and with conspiracy to commit that violation under § 1962(d). See 522 U.S. at 55. Also, . . . the defendant in Salinas was acquitted of the substantive § 1962(c) charge but convicted of the conspiracy § 1962(d) charge. See id. Salinas argued that his § 1962(d) conviction could not stand because the jury was not instructed that it must find that Salinas had *personally* committed or agreed to commit the two predicate acts required to establish a "pattern of racketeering activity" under § 1962(c). See id. at 61.
>
> The Supreme Court rejected that argument, focusing on the textual differences between § 1962(c) and § 1962(d), and on the general differences between conspiracy and completed crimes.  As to the textual differences in the statute, Salinas observed that whereas § 1962(c) makes it a crime to "conduct or participate . . . in the conduct of" a RICO enterprise's affairs through a pattern of racketeering activity, § 1962(d) simply makes it criminal "to conspire" to do so. See id. at 62-63; see also [United States v.] Applins, 637 F.3d 59, 73-74 (2d Cir. 2011)(discussing Salinas ).  Salinas emphasized that conspiracy is distinct from the completed crime, and "a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself." 522 U.S. at 65.  Further, § 1962(d) requires no overt act, unlike the general criminal conspiracy statute, 18 U.S.C. § 371, which does.  See id. at 63 ("There is no requirement of some overt act or specific act in the statute before us, unlike the general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an 'act to effect the object of the conspiracy.'  The RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in § 371." (citation omitted)).
>
> In light of these differences, the Salinas Court concluded that to prove a violation of § 1962(d), "it suffices that [a defendant] adopt the goal of furthering or facilitating the criminal endeavor," so long as that endeavor would, "if completed, . . . satisfy all the elements of a substantive criminal offense." Id. at 65 (emphasis added).  Rejecting the defendant's argument that § 1962(d) required proof that the defendant personally committed or agreed to commit the predicate acts, the Supreme Court observed
>
>> It makes no difference that the substantive offense under § 1962(c) requires [that someone actually commit] two or more predicate acts.

>The interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense.

Id. at 65.

United States v. Harris, 695 F.3d at 1132-33.

In United States v. Harris, the Tenth Circuit held that a district court's use of a three-element instruction for § 1962(d) -- similar to the instruction United States proposed here -- "accurately stated the law" and was not plain error:

>The district court instructed the jury on the elements of Count 2 as follows:
>
>>*First*: A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity;
>>
>>*Second*: that defendant deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose[;] and[ ]
>>
>>*Third*: the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.
>
>ROA v. 1 at 409 (Jury Instruction No. 24). In addition, the court instructed:
>
>>Unlike the charge in Count 1 [the substantive violation under § 1962(c)], *the government need not prove* a defendant actually committed two racketeering acts, nor that the objectives or purposes of the conspiracy, whatever they may have been, have been achieved or accomplished, nor *that the alleged enterprise was actually established*, that the defendant was actually employed by or associated with the enterprise, or that the enterprise was actually engaged in, or its activities actually affected, interstate or foreign commerce. The essential nature of Count 2 is the conspiratorial agreement; the ultimate success or failure of the conspiracy is irrelevant.
>
>Id. (emphases added).
>
>. . .

> [T]he difference between a § 1962(c) violation and a § 1962(d) violation leads us, like the Second Circuit, [see United States v. Applins, 637 F.3d at 73-74,] to conclude that just as the Government need not prove that a defendant personally committed or agreed to commit the requisite predicate acts to be guilty of § 1962(d) conspiracy, neither must the Government prove that the alleged enterprise actually existed. The district court's challenged jury instruction accurately stated the law. There was no error . . . .

United States v. Harris, 695 F.3d at 1131-33 (italics in the original)(clarifying that the suggestion in United States v. Smith, 413 F.3d 1253, 1266 (10th Cir. 2005), abrogated on other grounds by United States v. Hutchinson, 573 F.3d 1011 (10th Cir. 2009), that § 1962(d) requires the "existence of an enterprise . . . was dicta . . .").[1] The Court concludes, therefore, that a RICO conspiracy instruction under "§ 1962(d) does not require the Government to establish that an enterprise existed," United States v. Harris, 695 F.3d at 1132; and (ii) "it suffices that [a defendant] adopt the

---

[1] In United States v. Smith, the Tenth Circuit held that a defendant can be convicted of a RICO conspiracy under § 1962(d) "upon proof that the defendant knew about or agreed to facilitate the commission of acts sufficient to establish a [18 U.S.C.] § 1962(c) violation." United States v. Smith, 413 F.3d at 1265. The Tenth Circuit incorporated the elements of the substantive offense under § 1962(c) into § 1962(d)'s definition, saying:

> [W]e hold that in order to convict a defendant for violating § 1962(d), the Government must prove beyond a reasonable doubt that the defendant: (1) by knowing about and agreeing to facilitate the commission of two or more acts (2) constituting a pattern (3) of racketeering activity (4) participates in (5) an enterprise (6) the activities of which affect interstate or foreign commerce.

United States v. Smith, 413 F.3d at 1266. The Tenth Circuit later clarified that:

> Although Smith "held" . . . [that] the existence of an enterprise was an element of a § 1926(d) violation, the issue was not before either court. Indeed, . . . it appears the jury was instructed that the government was required to prove the existence of an enterprise in order to convict for RICO conspiracy. On appeal, the government did not argue the instruction was erroneous; [the] parties apparently assumed an existing enterprise was a necessary element. Therefore, the "holding" in Smith . . . [is] dicta.

United States v. Smith, 454 F. App'x 686, 694 (10th Cir. 2012)("Smith II"). See United States v. Harris, 695 F.3d at 1131-33 & n.5 ("We adopt that analysis [in United States v. Smith, 454 F. App'x at 694] and now extend it one step further, to hold, in a published opinion, that the existence of an enterprise is not an essential element of a § 1962(d) conspiracy.").

goal of furthering or facilitating the criminal endeavor," so long as that endeavor would, "if completed, . . . satisfy all the elements of a substantive criminal offense," Salinas, 522 U.S. at 65.

## II.    A CONSPIRACY REQUIRES INTERDEPENDENCE.

Martinez argues that a jury instruction for a RICO conspiracy under § 1962(d) requires interdependence. See Defendant's Proposed Jury Instructions at 76. The Court agrees, because, "[i]n determining whether a single conspiracy existed, a focal point of the analysis is whether the alleged coconspirators' conduct exhibited interdependence.  Interdependence exists where 'each coconspirators activities constituted essential and integral steps toward the realization of a common, illicit goal.'" United States v. Edwards, 69 F.3d 419, 432 (10th Cir. 1995)(citation omitted and quoting United States v. Fox, 902 F.2d 1508, 1514 (10th Cir. 1990)).  The Supreme Court explains that a "RICO conspiracy provision . . . is even more comprehensive than the general conspiracy offense in [18 U.S.C. §] 371," because there "is no requirement of some overt act or specific act . . . , unlike the general conspiracy provision . . . [under 18 U.S.C.] § 371."  Salinas, 522 U.S. at 63 ("The RICO conspiracy statute, § 1962(d), broadened conspiracy coverage by omitting the requirement of an overt act; it did not, at the same time, work the radical change of requiring the Government to prove each conspirator agreed that he would be the one to commit two predicate acts.").  The Supreme Court continued: "The relevant statutory phrase in § 1962(d) is 'to conspire.'  We presume Congress intended to use the term in its conventional sense, and certain well-established [conspiracy] principles follow."  Salinas, 522 U.S. at 63.  "To obtain a conspiracy conviction, the government must prove: (1) an agreement by two or more persons to violate the law; (2) knowledge of the objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among co-conspirators." United States v. Foy, 641 F.3d 455, 465 (10th Cir. 2011)(citing United States v. Hutchinson, 573 F.3d 1011, 1035

(10th Cir. 2009)). "'A conspiratorial agreement . . . need not be express so long as its existence can plausibly be inferred from the defendant['s] words and actions and the interdependence of activities and persons involved.'" CGC Holding Co., LLC v. Hutchens, 974 F.3d 1201, 1211 (10th Cir. 2020)(quoting United States v. Smith, 413 F.3d at 1273). See United States v. Smith, 413 F.3d 1253, 1276 (10th Cir. 2005)(noting that interdependence "is the key issue in determining whether a single conspiracy exists" and concluding that a conspiracy existed where the defendant "personally knew and worked in conjunction with the other members of [the gang] named as RICO coconspirators in order to further the reputation and power of [the gang] through criminal conduct").

### III. THE COURT'S REVISIONS TO THE JURY INSTRUCTION FOR RICO CONSPIRACY COUNT 2.

The Court concludes that the jury instruction for Count 2 should include "beginning on or about 1980 and continuing through the present" and provides the revised jury instruction below, bolding the Court's changes to the United States' Proposed Jury Instruction 33:

> Count 2 of the Second Superseding Indictment charges that the defendant agreed or conspired with one or more other person(s) to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, as I (have explained) (will shortly explain) to you.
>
> It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.
>
> In order for you to find **Mr. Martinez** guilty of conspiracy to conduct or to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:
>
> *First*: That, **beginning on or about 1980 and continuing through the present**, two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs **that affected interstate commerce** through a pattern of racketeering activity;
>
> *Second*: That **Mr. Martinez** was a party to or member of that agreement;

*Third*: That **Mr. Martinez** joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity; and

***Fourth*: That there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged**.

In order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the alleged enterprise actually existed, or that the enterprise actually engaged in or its activities actually affected interstate or foreign commerce.

Rather, because an agreement to commit a RICO offense is the essence of a RICO conspiracy, the government need only prove that the defendant joined the conspiracy and that if the object of the conspiracy was achieved, the enterprise would be established and the enterprise would be engaged in or its activities would affect interstate or foreign commerce.

In order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the defendant was actually employed by or associated with the enterprise, or that the defendant agreed to be employed by or to be associated with the enterprise. Nor does the RICO conspiracy charge require the government to prove that the defendant personally participated in the operation or management of the enterprise, or agreed to personally participate in the operation or management of the enterprise. Rather, you may find the defendant guilty of the RICO conspiracy offense if the evidence establishes that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would constitute a RICO violation involving at least one other conspirator who would be employed by or associated with the enterprise and who would participate in the operation or management of the enterprise.

Finally, in order to find the defendant guilty of the RICO conspiracy charged in Count 2, the government is not required to prove that the defendant personally committed or agreed to personally commit any act of racketeering activity. Indeed, it is not necessary for you to find that the objective or purpose of the conspiracy was achieved at all. However, the evidence must establish that the defendant knowingly agreed to facilitate or further a scheme which, if completed, would include a pattern of racketeering activity committed by at least one other conspirator.

   In short, to find the defendant guilty of the RICO conspiracy charged in Count 2 of the indictment, you must find that the government proved beyond a reasonable doubt that the defendant joined in an agreement or conspiracy with another person or persons, knowing that the objective or purpose was to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, and intending to join with the other person or persons to achieve that objective.

   [If applicable: The indictment need not specify the predicate racketeering acts that the defendant agreed would be committed by some member of the conspiracy in the conduct of the affairs of the enterprise. Rather, you may also consider the evidence presented of other racketeering acts committed or agreed to be committed by any co-conspirator in furtherance of the enterprise's affairs to determine whether the defendant agreed that at least one member of the conspiracy would commit two or more racketeering acts.

   Moreover, in order to convict the defendant of the RICO conspiracy offense, your verdict must be unanimous as to which type or types of racketeering activity the defendant agreed would be committed; for example, at least two acts of extortion, or robbery, or drug trafficking, or one of each, or any combination thereof. (Note use examples that apply)].

Third Circuit Pattern Jury Instructions Criminal 6.18.1962D, at 36-40; Tenth Circuit Criminal Pattern Jury Instructions 2.19(5) (Conspiracy Under 18 U.S.C. § 371), at 97.

   **IT IS ORDERED** that proposed jury instructions and the objections in United States' Objections to Defendant's Proposed Jury Instructions, filed February 22, 2021 (Doc. 158), and Defendant's Objections to the Government's Proposed Jury Instructions, filed February 23, 2021 (Doc. 164), are granted in part and denied in part.

_____<br>
UNITED STATES DISTRICT JUDGE

- 14 -

*Counsel:*

Fred. J. Federici
   Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Ryan Ellison
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff United States of America*

Carter B. Harrison, IV
Nicholas Thomas Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant Jody Rufino Martinez*