# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            No. CR 19-3725 JB

JODY RUFINO MARTINEZ,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on (i) the United States' Proposed Jury Instructions, filed February 16, 2021 (Doc. 138); (ii) the Defendant's Proposed Jury Instructions, filed February 17, 2021 (Doc. 150)("Martinez' Proposed Jury Instructions"); (iii) the United States' Objections to Defendant's Proposed Jury Instructions, filed February 22, 2021 (Doc. 158)("United States' Objections"); and (iv) the Defendant's Objections to the Government's Proposed Jury Instructions, filed February 23, 2021 (Doc. 164)("Martinez' Objections").  The Court held a hearing on February 26 and 27, 2021.  <u>See</u> Minute Order, filed February 24, 2021 (Doc. 178)(text only entry)(notifying parties of the hearing).  The primary issues are (i) whether there is an unanimity requirement for Count 2: 18 U.S.C. § 1962(d): Racketeering Conspiracy of the Second Superseding Indictment, filed January 9, 2020 (Doc. 56), because an unanimity instruction only is required for a substantive Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-68 ("RICO") charge, but not for a RICO conspiracy, 18 U.S.C. § 1962(d), charge; and (ii) whether the jury instruction for aiding and abetting, 18 U.S.C. § 2, should include a unanimity as to the principle instruction -- "You need not know definitively the identity of the principal, but you must all unanimously agree that the same person is the principal who committed

the crime alleged in Count 1," Martinez' Proposed Jury Instructions, Martinez' Proposed Jury Instruction 27, at 71 -- because it is a non-pattern insertion and Martinez does not provide a citation for the instruction.  The Court concludes that (i) it will use a modified version of Defendant's Proposed Jury Instruction 30, proposed in Martinez' Objections, Defense Jury Instruction No. 30, at 11, because, for RICO conspiracy, a jury needs to be unanimous as to the types of predicate racketeering acts that the defendant agreed to commit; and (ii) it will adopt the unanimity as to the principle instruction for aiding and abetting, because the proposed sentence reflects accurately the law.

## ANALYSIS

The United States opposes Martinez' proposed instruction for a unanimity requirement for Count 2, RICO Conspiracy, "because there is no unanimity of theory requirement for Count 2. This instruction would be required for a substantive RICO charge but not for a RICO conspiracy charge."  United States' Objections at 3-4 (citing United States v. Randall, 661 F.3d 1291, 1297-99 (10th Cir. 2011)).   The United States contends that the United States Court of Appeals for the Tenth Circuit has held that "unanimity as to the specific predicate racketeering acts is not required when a RICO conspiracy is charged, as long as the jury is unanimous on the type or types of racketeering activity."  United States' Objections at 3-4 (citing United States v. Randall, 661 F.3d at 1297-99).  Martinez agrees that the United States correctly cites United States v. Randall, 661 F.3d at 1297-99, but he argues that the "term 'type of racketeering activity' is itself ambiguous -- it either means 'specific crime declared to be a predicate under § 1961(1),' or 'genus of crimes grouped into a single one of the subdivisions (A) through (G) of § 1961(1).'"  Martinez' Objections at 10 (no citations for quotations).  Martinez argues that the distinction "does not matter here, because the three predicate crimes alleged by the Government in this case all happen to fall into

different subdivisions (murder is in § 1961(1)(A), witness tampering is in § 1961(1)(B), and drug

trafficking is in § 1961(1)(D))."  Martinez' Objections at 10 (citing United States v. Costa, 481 F.

Supp. 3d 37, 40 (D. Mass. 2020)).

Under RICO conspiracy it is "unlawful for any person to conspire to violate any of the

provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d).  Subsections (a), (b),

or (c) are referred to as substantive RICO violations.  See 18 U.S.C. §§ 1962(a)-(c).  The Tenth

Circuit explains that

> a defendant can be convicted under [18 U.S.C. § 1962](d) for "adopt[ing] the goal
> of furthering or facilitating the criminal endeavor" without committing or agreeing
> to commit two or more of the predicate acts.  [Salinas v. United States, 522 U.S.
> 52, 65 (1997)]; see also United States v. Smith, 413 F.3d 1253, 1265 (10th Cir.
> 2005)("Because this conspiracy provision lacks an overt act requirement, a
> defendant can be convicted under § 1962(d) upon proof that the defendant knew
> about or agreed to facilitate the commission of acts sufficient to establish a
> § 1962(c) violation."), abrogated on other grounds by United States v. Hutchinson,
> 573 F.3d 1011 (10th Cir. 2009).  Thus, a RICO conspiracy charge need not specify
> the predicate racketeering acts that the defendant agreed would be committed.
>
> . . .
>
> [We agree with] a few of our sister circuits [that] have concluded that it is not
> necessary to prove the specific predicate acts that supported a RICO conspiracy
> charge in order to prove a defendant's participation in a RICO conspiracy.  See
> United States v. Applins, 637 F.3d 59, 80-82 (2d Cir. 2011); United States v. Hein,
> 395 Fed. Appx. 652, 656 (11th Cir. 2010)(unpublished); United States v. Glecier,
> 923 F.2d 496, 500 (7th Cir. 1991).
>
> . . .
>
> [W]e now join the circuits discussed above in concluding that for a charge of RICO
> conspiracy, a jury need only be unanimous as to the types of predicate racketeering
> acts that the defendant agreed to commit, not to the specific predicate acts
> themselves.

United States v. Randall, 661 F.3d at 1297, 1299.  See United States v. Smith, 413 F.3d 1253,

1276-77 (10th Cir. 2005)("For a RICO [conspiracy] conviction to stand, the jury must have found

unanimously that the defendant committed or agreed to commit at least two predicate acts.")(citing

18 U.S.C. § 1961(5), overruled on other grounds by Boyle v. United States, 556 U.S. 938, 948-49 (2009)).

The Court concludes that it will use the modified version of Martinez' Proposed Jury Instruction 30, see Martinez' Objections at 11, because, for "RICO conspiracy, a jury need[s] [to] be unanimous as to the types of predicate racketeering acts that the defendant agreed to commit." United States v. Randall, 661 F.3d at 1299.  The Court provides that instruction below:

> The indictment charges Mr. Martinez with commission of a number of racketeering acts.  As I just instructed you, the government must prove beyond a reasonable doubt that at least two of the racketeering acts recited in the indictment were part of the criminal objective pursued by Mr. Martinez and intended to be committed by him or by a co-conspirator, in furtherance of the SNM conspiracy, within the prescribed time.
>
> You may not find Mr. Martinez guilty unless you all agree unanimously that at least two particular types of racketeering acts were a joint criminal objective of SNM under these circumstances.  It is not enough that you all believe that two racketeering acts were conspired to; you must also agree on the types of the two acts that were conspired to.  That is, you cannot find the defendant guilty if some of you think that the defendant conspired to commit an act of murder and an act of witness tampering, and others of you think that the defendant conspired to commit an act of witness tampering and an act of drug trafficking. That said, if you all unanimously agree on the type of racketeering act conspired to, you need not agree on what exact incident constituted the type of racketeering act in question; for example, it is enough for these purposes that you all unanimously agree that the defendant conspired to commit an act of witness tampering and an act of drug trafficking, even if you disagree about what witness was to be tampered with or what drugs were to be dealt on what occasion.

Martinez' Objections at 11 (modifying Martinez' Proposed Jury Instruction 30)(citing United States v. Randall, 661 F.3d at 1297-99, and Tenth Circuit Pattern Jury Instructions Criminal §§ 2.74.6, 2.76.6).

Martinez also proposes that the Court add an unanimity as to the principle requirement to the aiding and abetting instruction in Martinez' Proposed Jury Instruction No. 27, which is the parallel to the United States Proposed Instruction 32: "You need not know definitively the identity of the principal, but you must all unanimously agree that the same person is the principal who

committed the crime alleged in Count 1." Martinez' Proposed Jury Instructions, Martinez'

Proposed Jury Instruction 27, at 72. The United States "opposes the non-pattern insertions."

United States' Objections at 3. The Court concludes that the instruction accurately reflects the

case law in the Tenth Circuit:

> More than three decades ago, this court held that "[p]roving beyond a reasonable doubt that a specific person is the principal is not an element of the crime of aiding and abetting. It is not even essential that the identity of the principal be established. The prosecution only need prove that the offense has been committed." United States v. Harper, 579 F.2d 1235, 1239 (10th Cir. 1978). As the government didn't have to prove who [the defendant] aided and abetted, it follows that the jury didn't have to agree unanimously on that person's identity.
>
> The rationale for this rule is obvious. Imagine, for example, that a defendant hands a masked person a candlestick and cheers on as that person uses it to bludgeon to death one Mr. Boddy. Afterward, the defendant is immediately apprehended, but the assailant disappears without a trace. The clues as to the assailant's identity are ambiguous -- it's equally likely that Mr. Green, Miss Scarlet, Professor Plum, Mrs. White, Colonel Mustard, or Mrs. Peacock is the murderer. In such a situation, it might be impossible for a jury to agree, unanimously and beyond a reasonable doubt, who directly committed the crime. But it is beyond peradventure that the defendant aided and abetted Mr. Boddy's murder and is equally culpable, whoever wielded the candlestick. So, too, here. Whether or not it's proven precisely whose wire fraud [the defendant's] actions aided and abetted, that has no bearing on whether she committed a crime herself. It's enough that *someone* committed wire fraud, and that [the defendant] sought to make it succeed.

United States v. Mullins, 613 F.3d 1273, 1290 (10th Cir. 2010)(emphasis in the original).

Accordingly, the Court will incorporate the sentence into the aiding and abetting instruction,

because it accurately reflects the law.

**IT IS ORDERED** that (i) the Defendant's Proposed Jury Instructions 27 and 30 in

Defendant's Proposed Jury Instructions, filed February 17, 2021 (Doc. 150), are adopted and

rejected in part; (ii) the objections to Defendant's Proposed Jury Instructions 27 and 30 in the

United States' Objections to Defendant's Proposed Jury Instructions, filed February 22, 2021

(Doc. 158), are denied; (iii) the Defendant's modification to the Defendant's Proposed Jury

Instruction 30 in the Defendant's Objections to the Government's Proposed Jury Instructions, filed

February 23, 2021 (Doc. 164), is adopted; and (iv) the Defendant's Proposed Jury Instruction 27

inclusion of the unanimity as to the principle requirement to the aiding and abetting is adopted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred. J. Federici
   Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Ryan Ellison
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

      *Attorneys for the Plaintiff United States of America*

Carter B. Harrison, IV
Nicholas Thomas Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

      *Attorneys for the Defendant Jody Rufino Martinez*