IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 19-3725 JB

JODY RUFINO MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Jody Rufino Martinez's oral objection to the Court's Third Proposed Jury Instructions (with citations), filed March 12, 2021 (Doc. 249)("Third Proposed Jury Instructions"). The Court heard the parties' objections to its Third Proposed Jury Instructions on March 12, 2021. See March 12, 2021, Draft Trial Transcript (held March 12, 2021)("Tr.").[1] The primary issues is whether the proposed Jury Instruction No. 27, see Third Proposed Jury Instructions at 37, should include an instruction that New Mexico's offense of extortion is considered as a racketeering act, because New Mexico's offense of extortion is broader than the generic extortion offense. The Court concludes that New Mexico's offense of extortion is broader than the generic extortion offense, because the state offense includes more conduct than the generic offense. The Court will exclude the instruction on New Mexico's offense of extortion as racketeering act.

## ANALYSIS

Plaintiff United States of America seeks the addition of an jury instruction on state extortion as an act of racketeering activity modeled of the New Mexico Criminal Uniform Jury

---

[1]The Court's citations to the trial transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Instructions: "Someone threatened to injure the person or property of another intending to wrongfully obtain anything of value from that person or compel that person to do something that person would not have done."  Court's Third Proposed Jury Instructions at 38.  Martinez argues that this instruction should be excluded because the state offense is broader than the generic offense.  The Court concludes that New Mexico's offense of extortion is broader than the generic extortion offense, because the state offense includes more conduct than the generic offense.

Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959 ("VICAR"), uses the definition in 18 U.S.C. § 1961(1) ("RICO") to define "racketeering activity" as: "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical." 18 U.S.C. § 1959(a).  See 18 U.S.C. § 1959 (b)(1).   For a state offense to constitute a VICAR violation, the state offense must correspond to the generic offense; that is, the state offense cannot be broader than generic offense.  See Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 409-10 (2003); United States v. DeLeon, 318 F. Supp. 3d 1272, 1276 (D.N.M. 2018)(Browning, J.)(concluding that "no matter whether [defendant] conspired [to commit assault resulting in serious bodily injury in violation of the state statute,] he only violated VICAR if also he conspired to commit assault resulting in serious bodily injury, in a generic sense"). The Supreme Court of the United States of America explains, according to RICO's definition of racketeering activity, that "any act or threat involving . . . extortion, . . . which is chargeable under state law" includes conduct constituting generic extortion that also violates state law.  Scheidler v. National Organization for Women, Inc., 537 U.S. at 409-10.  "That structure -- identifying conduct that falls within a generic category, and also violates a state or non-racketeering federal law -- features prominently in federal racketeering statutes."   United States v. DeLeon, 318 F. Supp. 3d at 1276.  See Scheidler v. National Organization for Women, Inc., 537 U.S. at 409-10; United States v. Nardello, 393 U.S. 286, 293-

94 (1969)(analyzing the Travel Act, 18 U.S.C. § 1952, and concluding that its provisions regarding "extortion . . . in violation of the laws of the State in which committed," 18 U.S.C. § 1952(b)(i)(2), refers to generic extortion that also violates state law, even if the state law does not use the term "extortion"); United States v. Bagaric, 706 F.2d 42, 63 (2d Cir. 1983)(stating that, "[a]bsent an allegation that the racketeering act is not prohibited at all under state law," a court, in a RICO prosecution, is not "obliged to charge the elements of the penal codes of the various states where acts of racketeering occurred" such that "accurate generic definitions of the crimes charged were sufficient" (emphasis in original)). See also United States v. Carrillo, 229 F.3d 177, 185 (2d Cir. 2000)(asserting that, notwithstanding United States v. Bagaric's "theoretical approval," of charging a RICO predicate "by a generic description rather than giving the jury the elements in full," that "both the text of RICO and VICAR demand that predicate acts constitute state law crimes"); Teresa Wallbaum, Novel Legal Issues in Gang Prosecutions, 68 DOJ J. Fed. L. & Prac. 99, 105 (2020)("A predicate offense need not categorically match the enumerated federal VICAR offense . . . . Rather, a defendant violates VICAR when the government can prove that his conduct constituted both a violation of the enumerated crime described in the VICAR statute and a violation of the state or federal crime alleged as the VICAR predicate.")

The Supreme defines generic extortion as: "[O]btaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Scheidler v. Nat'l Organization for Women, Inc., 537 U.S. at 10 (citing United States v. Nardello, 393 U.S. 286, 296 (1969)). See id. (stating, "where as here the Model Penal Code and a majority of States recognize the crime of extortion as requiring a party to obtain or to seek to obtain property, . . . the state extortion offense for purposes of RICO must have a similar requirement.").[2]

---

[2]In United States v. Castillo, 811 F.3d 342 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit explains

In New Mexico, extortion

> consists of the communication or transmission of any threat to another by any means whatsoever with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will.
>
> Any of the following acts shall be sufficient to constitute a threat under this section:
>
> A. a threat to do an unlawful injury to the person or property of the person threatened or of another;
>
> B. a threat to accuse the person threatened, or another, of any crime;
>
> C. a threat to expose, or impute to the person threatened, or another, any deformity or disgrace;
>
> D. a threat to expose any secret affecting the person threatened, or another; or
>
> E. a threat to kidnap the person threatened or another.

N.M.S.A. § 30-16-9.

The Court concludes that New Mexico's extortion statute is broader than the generic offense, because in addition to encompassing the generic conduct -- obtaining something of value from another by the wrongful use of force, fear, or threats, compare Scheidler v. Nat'l Organization for Women, Inc., 537 U.S. at 10, with N.M.S.A. § 30-16-9(A), it also includes "the communication

---

Extortion involves "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Scheidler v. Nat'l Organization for Women, Inc., 537 U.S. 393, 409-10 (2003). "Virtually all [extortion] statutes cover threats to injure (i.e., to cause bodily harm to the person *or to damage the property of* ) the victim or some other person." [3 Wayne R. LaFave, Substantive Criminal Law § 20.4(a)(4) & n.4  (2d ed. 2003)](emphasis added). "One of the most common acts outlawed by extortion or blackmail statutes is a threat of any injury to the person or property of another for the purpose of obtaining some desired personal gain." 31A Am. Jur. 2d, Extortion, Blackmail, and Threats § 25.

United States v. Castillo, 811 F.3d at 346 (emphasis in the original), superseded by regulation as recognized in United States v. O'Connor, 874 F.3d 1147, 1152 (10th Cir. 2017).

or transmission of any threat to another by any means whatsoever . . . to wrongfully compel the person threatened to do or refrain from doing any act against his will," including "any of the following acts":

    A.    a threat to do an unlawful injury to the person or property of the person threatened or of another;

    B.    a threat to accuse the person threatened, or another, of any crime;

    C.    a threat to expose, or impute to the person threatened, or another, any deformity or disgrace;

    D.    a threat to expose any secret affecting the person threatened, or another; or

    E.    a threat to kidnap the person threatened or another.

N.M.S.A. § 30-16-9.

The Court will exclude the following language from Proposed Jury Instruction 27:

> In order for the state offense of extortion to be considered as a racketeering act, the Government must prove to you beyond a reasonable doubt that a member or an associate of the racketeering enterprise committed the offense as defined by law. The elements of the offenses which must each be proved beyond a reasonable doubt are as follows: Someone threatened to injure the person or property of another intending to wrongfully obtain anything of value from that person or compel that person to do something that person would not have done.

Third Proposed Jury Instructions at 38.

**IT IS ORDERED** that the Defendant Jody Rufino Martinez' oral objection to the inclusion of a state extortion instruction in the Court's Third Proposed Jury Instructions (with citations), Proposed Jury Instruction 27, filed March 12, 2021 (Doc. 249), is granted.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

- 6 -

*Counsel:*

Fred. J. Federici
   Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Ryan Ellison
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

   *Attorneys for the Plaintiff United States of America*

Carter B. Harrison, IV
Nicholas Thomas Hart
Harrison & Hart, LLC
Albuquerque, New Mexico

   *Attorneys for the Defendant Jody Rufino Martinez*